FILED BY __MB__ D.C.

Mar 6, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14068-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA,

v.

BRITTANY LYN DURKIN,

               Defendant.
_____/

## FACTUAL PROFFER

COMES NOW, the United States of America, by and through its undersigned Assistant United States Attorney, and Brittany Lyn DURKIN, together with her counsel, admits if this case were to proceed to trial, the government would be able to prove the allegations contained within the Indictment, which charges the defendant with conspiracy to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846; possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2; and possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2. The defendant, together with her counsel, further admits that if this case were to proceed to trial, the government would be able to prove the following facts, among others, beyond a reasonable doubt. The defendant also stipulates that those allegations, elements of the crime and the following recitation of the facts shall constitute the underlying factual basis for the entry of a plea of guilty in this case:

1.    On July 18, 2022, Sebastian Police Department (SPD) Detective Brian Melius received a Treasure Coast Crime Stopper Complaint stating two ounces per week of fentanyl were

being purchased by Christopher Jon BAUER (BAUER) on the dark web. According to the tip, the fentanyl was shipped from an unknown address in California to 317 Sea Grape Avenue, Sebastian, Indian River County, Florida 32958, in the Southern District of Florida, with the recipient listed as "Brittany Barber," later identified as DURKIN.

2. On July 19, 2022, Detective Brian Melius conducted surveillance at 317 Sea Grape Avenue, and he observed DURKIN, standing in the driveway of the residence. Detective Melius also observed DURKIN walk from 317 Sea Grape Avenue to her nearby residence.

3. United States Postal Inspector Kenneth Guttman provided a historical database result of United States Postal Express Packages, for the 317 Sea Grape Avenue address, which listed three shipments, all from Palm Desert, California, addressed to "Brittany Barber."

4. On August 31, 2022, at approximately 12:30 pm, Detective Melius and Department of Homeland Security Investigations (HSI) Special Agent (SA) David Catalano set up surveillance at the United States Post Office, located at 1290 Main Street, Sebastian, Florida 32958. At approximately 1:00 pm, SA Catalano saw a red Cadillac SUV driven by BAUER, with DURKIN in the front passenger seat, arrive at the Post Office.

5. At approximately 1:01 pm, SA Catalano and Detective Melius observed DURKIN walk into the Post Office, and then walk back out a short time later carrying a USPS Express package. DURKIN got into the front passenger seat of the Cadillac with BAUER, who drove out of the parking lot.

6. When SPD Officer Anthony Irwin attempted to stop the Cadillac for a traffic violation, BAUER, who was driving the Cadillac, fled and a lengthy high-speed pursuit ensued through Sebastian, with the vehicle ultimately becoming disabled at 411 Mango Avenue, Sebastian, Florida.

7. Inside the Cadillac, law enforcement officers discovered a clear baggy on the front seat floorboard containing a white-powdery substance. The substance later tested positive for methamphetamine, with a chemistry weight of 12.53 grams and 100% purity.

8. They also found a black vacuum sealed bag on BAUER's person, which contained a white-powdery substance. The substance field tested positive for fentanyl. The suspected fentanyl recovered from the Cadillac and its occupants later tested positive, with a chemistry weight of 65.1 grams.

9. Post-*Miranda*, DURKIN admitted to picking up approximately ten packages at the Sebastian Post office and approximately six packages at the 317 Sea Grape Avenue address, all on behalf of BAUER.

12. DURKIN also admitted that she believed the packages contained Fentanyl, because she knew that BAUER would mix it with other unknown substances and sell as Heroin. She explained that on August 29, 2022, she observed multiple clear baggies containing a white powdery substance, which she believed to be Fentanyl, at BAUER's residence. She believed they were fentanyl because both she and BAUER used the narcotics.

13. DURKIN stated she witnessed BAUER purchase suspected Fentanyl from the "Dark Web" using his laptop computer, and that BAUER "cuts" the Fentanyl with other unknown substances and sells them as Heroin.

14. During a search of BAUER's residence, agents located several items that corroborated DURKIN's admissions, including a multi-colored rubber box containing a white powdery substance, which later field tested positive for Fentanyl; a silver bowl containing a white powdery substance, which later field tested positive for Fentanyl; several empty pill capsules, and multiple empty sandwich baggies, which were the same in size and design as those located on

BAUER's person and inside his vehicle on August 31, 2022; a digital scale; multiple pieces of drug paraphernalia consistent with tools needed to "cut" and manufacture powdered narcotics, with the intention of mixing and packaging them for individual sale; and six empty and opened black vacuum sealed bags, which were the same size and design as those located in BAUER's vehicle on August 31, 2022.

15. The parties agree that these facts, which do not include all the facts known to the government and the defendant, are sufficient to prove the elements of the following offenses beyond a reasonable doubt:

Count 1: Conspiracy to Possess with Intent to Distribute a Controlled Substance

**First:** Two or more people in some way agreed to try to accomplish a shared and unlawful plan, the object of which was to possess with the intent to distribute fentanyl;

**Second:** the Defendant knew the unlawful purpose of the plan and willfully joined in it; and

**Third:** the Defendant possessed 400 grams or more of mixture or substance containing fentanyl.

Count 2: Possession with Intent to Distribute a Controlled Substance

**First:** The Defendant knowingly possessed fentanyl;

**Second:** the Defendant intended to distribute the fentanyl; and

**Third:** the Defendant possessed 40 grams or more of mixture or substance containing fentanyl.

Count 3: Possession with Intent to Distribute a Controlled Substance

**First:** The Defendant knowingly possessed the methamphetamine;

**Second:** the Defendant intended to distribute the methamphetamine; and

**Third:** the Defendant possessed 5 grams or more of methamphetamine.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

Date: 1/31/23

By: _____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY
CHRISTOPHER H. HUDOCK
ASSISTANT UNITED STATES ATTORNEY

Date: 3/6/23

By: _____
KAFAHNI NKRUMAH
ATTORNEY FOR DEFENDANT

Date: 3/6/23

By: _____
BRITTANY LYN DURKIN
DEFENDANT