UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   22-14068-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA

v.

BRITTANY LYN DURKIN,

                 **Defendant.**
_____/

### UNITED STATES' MOTION FOR DOWNWARD DEPARTURE AND SENTENCING MEMORANDUM

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully requests the Court to depart downward from the bottom of the defendant's advisory guideline range under Section 5K1.1 of the United States Sentencing Guidelines to reflect the defendant's substantial assistance to the United States.

### BACKGROUND

On November 17, 2022, a federal grand jury returned an Indictment charging Brittany Lyn Durkin ("Durkin") with conspiracy to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846 (Count One), possession with intent to distribute 40 grams or more of a mixture and substance containing fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) (Count Two), and possession with intent to distribute 5 grams or more of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) (Count Three) (ECF No. 16).

On March 6, 2023, Durkin pleaded guilty to counts two and three of the Indictment pursuant to a written plea agreement with the United States (ECF Nos. 95-97). As part of the plea agreement, Durkin agreed to cooperate with the United States.

Durkin's sentencing hearing is scheduled for May 23, 2023. According to the Presentence Investigation Report ("PSI"), Durkin has a total offense level of 23 and criminal history category of I, which yields an advisory sentencing guideline range of 46-57 months' imprisonment. (PSI ¶¶ 47, 50, 84.) Durkin would ordinarily be subject to a mandatory minimum sentence of 5 years' imprisonment. Durkin, however, is eligible for safety-valve relief. (PSI ¶¶ 34, 39.) Thus, the Court may sentence Durkin without regard to the otherwise applicable mandatory minimum.

The United States also believes Durkin's cooperation to date constitutes substantial assistance. To that end, the United States requests the Court to depart downward from the bottom of Durkin's sentencing guideline range and sentence Durkin to 32 months' imprisonment, which represents a departure of approximately 30%. The United States will advise the Court of the details of Durkin's substantial assistance at her sentencing hearing.

Against this backdrop, and for the reasons that follow, the United States submits a sentence of 32 months' imprisonment, after taking into account the value of Durkin's substantial assistance, is sufficient, but not greater than necessary, to reflect the nature and circumstances and seriousness of the instant offenses, the history and characteristics of the defendant, the need to promote respect for the law, provide just punishment, afford adequate specific and general deterrence, and protect the public from further crimes of the defendant.

## ANALYSIS

The overarching goal of a sentencing court is to fashion a sentence that is sufficient, but not greater than necessary, to accomplish the goals of sentencing. *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). The sentencing court should begin the process by correctly calculating the applicable guideline range and must "remain cognizant of them throughout the sentencing process." *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007). Section 1B1.1 of the Sentencing Guidelines outlines, in express language, the order which district courts are to proceed. First, the district court calculates the applicable guideline range. U.S.S.G. § 1B1.1(a). Second, the district court applies any applicable departures under Sections H and K of Chapter 5. U.S.S.G. § 1B1.1(b). After the first two steps are complete, "the Court shall then consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole." U.S.S.G. § 1B1.1(c).

The Section 3553(a) factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established in the Guidelines;

(5) any pertinent policy statement by the Sentencing Commission;

(6) the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims.

18 U.S.C. § 3553(a)(1)-(7).

### *Nature and Circumstances and Seriousness of the Offense*

On July 18, 2022, Sebastian Police Department (SPD) Detective Brian Melius received a tip that Christopher Bauer was purchasing fentanyl on the dark web and shipping it to 317 Sea Grape Avenue, Sebastian, Indian River County, Florida 32958, in the Southern District of Florida (PSI ¶ 12). The listed recipient was "Brittany Barber," later identified as Durkin (id.). Det. Melius witnessed Durkin standing in the driveway of 317 Sea Grape Avenue while investigating the tip (PSI ¶ 13).

On August 31, 2022, Det. Melius received a notice that a package addressed to "Brittany Barber" arrived at the post office (PSI ¶ 15). Det. Melius and Department of Homeland Security Investigations (HSI) Special Agent (SA) David Catalano, set up surveillance at the Sebastian post office (id.). They witnessed Bauer arrive driving a red Cadillac SUV with Durkin in the passenger's seat (id.). Durkin walked into the post office, retrieved the package, and then returned to the Cadillac (PSI ¶ 16).

Before leaving the parking lot, the Cadillac pulled up to a white GMC truck, also in the parking lot (PSI ¶ 16). Durkin exited, and conducted what appeared to be, based on Det. Melius' training and experience a hand-to-hand drug transaction (id.). She then re-entered the Cadillac, and pulled out of the post office parking lot.

After a high-speed chase that disabled the Cadillac, officers took Bauer and Durkin into custody (PSI ¶ 17). Officers located a bag containing 12.53g of methamphetamine on the driver's

4

floorboard, a vacuum sealed bag on the ground next to the driver's side window containing fentanyl, opened exterior USPS packaging bearing the name "Brittany Barber on the passenger floorboard, and a bag containing six individually packaged bags of fentanyl on the back seat (PSI ¶¶ 18, 19).  The total laboratory weight of the fentanyl was 65.1 grams (PSI ¶ 19).

Post-*Miranda*, Durkin admitted to picking up approximately ten packages at the Sebastian Post Office and approximately six packages at the 317 Sea Grape Avenue address, on Bauer's behalf (PSI ¶ 22).  Durkin also admitted that she knew Bauer mixed the substances from the packages with other unknown substances and sold the mixture as heroin (id.).

The nature and circumstances and seriousness of the instance offenses justify a sentence of 32 months' imprisonment, while also acknowledging the assistance Durkin provided to the United States.

### *History and Characteristics of the Defendant*

Durkin's limited criminal history also supports a sentence of 32 months.  Durkin's prior withhold of adjudication for possession of paraphernalia is consistent with her behavior in this case: she is a person suffering from drug addiction, and who makes poor choices as a result of that addiction (PSI ¶ 49).  Nevertheless, while Durkin's voluntary drug abuse may have led to poor decision making, it in no way excuses her conduct.  The Bureau of Prisons is well equipped to deal with drug addiction and mental health issues through various treatment programs, and the United States submits the defendant should avail herself of those opportunities.

### *The Need for the Sentence to Promote Respect for the Law, Provide Just Punishment for the Offense, Afford Adequate Specific and General Deterrence, and Protect the Public from Further Crimes of the Defendant*

Durkin assisted a drug dealer who distributed large quantities of fentanyl in the Southern District of Florida.  The crimes Durkin now stands convicted of are serious offenses, as drug

trafficking is an inherently dangerous activity. A sentence of 32 months' imprisonment, after taking into account the value of Durkin's substantial assistance, is necessary to promote respect for the law, provide just punishment for the offense, afford adequate specific and general deterrence, and protect the public from further crimes of the defendant.

### *Parity in Sentencing*

Finally, Durkin should expect to be treated like other similarly situated defendants. Parity in sentencing among similarly situated federal defendants across the country is fundamental to the proper administration of justice. This principle is embodied in Section 3553(a)(6), which "is concerned with national disparities among the many defendants with similar backgrounds convicted of similar criminal conduct." *United States v. Simmons*, 501 F.3d 620, 623 (6th Cir. 2007). Generally, "national uniformity is . . . taken into account by the Sentencing Guidelines, which are almost certainly the best indication of ordinary practice since most sentences are within the guidelines." *Id*. at 626 (internal marks and citation omitted). Indeed, "[e]ven after *Booker* rendered the Sentencing Guidelines advisory, district courts have *in the vast majority of cases* imposed either within-Guidelines sentences or sentences that depart downward from the Guidelines on the Government's motion." *Hughes v. United States*, 138 S.Ct. 1765, 1777 (2018) (internal marks and citation omitted; emphasis added).

A sentence of 32 months' imprisonment adequately reflects the relevant 3553(a) factors, preserves the integrity of the Sentencing Guidelines, and promotes national uniformity.

According to the United States Sentencing Commission, for fiscal year 2018, of the fentanyl trafficking defendants who received a substantial assistance departure, the average

reduction was 48.0%.[1] This is consistent with the benefit afforded the defendant in this case, because while her actions were substantial, specifically with respect to the quantity of fentanyl involved in the conspiracy, the relative benefit she received was less than that of the national average.

Additionally, by way of comparison, the United States offers the following cases for the Court's consideration, which involved a co-defendant responsible for the transportation and/or distribution of fentanyl. *See United States v. Jose Manuel Gonzalez-Gonzalez et. al.*, 21-CR-00065 (M.D. Fla. 2021) (co-defendant Ramirez-Laboy convicted of conspiracy to possess with intent to distribute more than 400 grams of a mixture and substance containing fentanyl, and sentenced to 24 months' imprisonment for his role in transporting 1,004.90 grams of fentanyl); and *United States v. Manuel Tolentino et. al.*, 21-CF-60183 (S.D. Fla. 2021) (Defendant convicted of conspiracy to possess with intent to distribute 400 grams or more a mixture and substance containing fentanyl; 500 grams or more a mixture and substance containing cocaine; and 100 grams or more a mixture and substance containing heroin, and sentenced to 36 months in prison, followed by three years of supervised release).

- SPACE LEFT INTENTIONALLY BLANK -

---

[1] *See United States Sentencing Commission* "Quick Facts" https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Fentanyl_FY18.pdf

7

## CONCLUSION

Based on the foregoing, the United States respectfully requests the Court to depart downward from the bottom of Durkin's guideline range to reflect her substantial assistance to the United States, and sentence Durkin to 32 months' imprisonment, which represents a departure of approximately 30% from the bottom of her adjusted guideline range.

          Respectfully submitted,

          MARKENZY LAPOINTE
          UNITED STATES ATTORNEY

By:    **/s/Christopher H. Hudock**
          Christopher H. Hudock
          Assistant United States Attorney
          Florida Bar# 92454
          101 South U.S. Highway 1, Suite 3100
          Fort Pierce, Florida 34950
          Telephone: (772) 293-0951
          Email: Christopher.hudock@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by either regular U.S. mail or inter-office delivery.

          **/s/Christopher H. Hudock**
          Christopher H. Hudock
          Assistant United States Attorney