UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  22-CR-14068-CANNON/MAYNARD

UNITED STATES OF AMERICA,

       Plaintiff,

-vs-

CHRISTOPHER JON BAUER,

       Defendant.
_____/

## SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE

Defendant, **CHRISTOPHER JON BAUER**, through counsel respectfully requests this Court consider the following Sentencing Memorandum and Motion for Downward Variance, and in support thereof would state:

Application of Sentencing Factors Set Forth in 18 U.S.C., Section 3553 (a)

1. After determining the advisory Guideline range, the Court should consider the factors contained in 18 U.S.C., Section 3553(a).  These include–

> (1) The nature of the circumstances of the offense and the history and characteristics of the Defendant;
>
> (2) The need for the sentence imposed–
>
> > (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

>> (B) To afford adequate detriments to criminal conduct;
>
>> (C) To protect the public from further crimes of the defendant; and
>
>> (D) To provide the defendant with needed educational or vocational training, model care, or other correctional treatment in the most effective manner;
>
> (3) The kinds of sentences available;
>
> (4) The kinds of sentence and the sentencing range established for–
>
>> (A) The applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines–
>
>     *      *      *
>
> (6) The need to avoid unwarranted sentence disparities among defendants of similar records who have been found guilty of similar conduct; and

 2. There are certain individual characteristics for which the Sentencing Commission concluded would be considered irrelevant under the Guidelines. These included age, education, mental or emotional condition, medical conditional (including drug or alcohol addiction), employment history, lack of guidance as a youth, family ties or military, civic, charitable or public service. *See*, U.S.S.G., Sections 5H1.1-6, 11, and 12. These are, however, matters that Section 3553(a) authorizes the sentencing judge to consider. *Rita v. United States*, 551 U.S. 338 (2007). In *Rita*, the Court held that these factors could be considered under Section 3553(a), including drug addiction.

3. According to the Pre-Sentence Investigation Report (hereinafter "PSI"), the Defendant has an Adjusted Offense Level of 27 and a Criminal History of Category VI.  This gives him an Advisory Sentencing Range of 130 to 162 months.  The Defendant is not disputing this sentencing range.

4. The Defendant's relatively high sentencing range is driven by the 15 Criminal History points he was able to accumulate since 2000.  He wants the Court to understand that he is ashamed of this record, and wants this opportunity to convince the Court that he is still salvageable.  He would like the Court to better understand the reasons for his continued run-ins with the law and assist him in creating a solution.

5. Under separate cover, the Defendant has filed under seal a Psychological Evaluation by Dr. Michael Brannon, Ph.D.  He revealed a family history of mental illness (cousin) and drug/alcohol abuse (father, brother).  He claims of suffering abuse from his father although his sister, who was also interviewed by Dr. Brannon was unaware of it.  While serving his prison sentence 10-12 years ago, the Defendant exhibited signs mental illness for which he was prescribed psychotropic drugs.  His sister did verify a history of emotional distress and chronic drug use.  The Defendant had not sought follow-up therapy, but has instead self-medicated with illegal drugs.

6. The Defendant did not make any significant money with his drug dealing. Almost all of his profits fueled his drug habit and those around him, particularly women. Both the PSI and Dr. Brannon's evaluation paint a picture of a grim life of a drug addict. Dr. Brannon believes that the Defendant would benefit from a long-term residential treatment that should, if possible, " address cognitive-behaviorial interventions focusing on anger management, emotional regulation, criminal thinking patterns, and impulse control." Dr. Brannon has prepared a detailed Evaluation that he hopes is useful to the Court. However, since he did not diagnose any mental illness, both he and counsel feel that his live testimony would not be necessary. Hence, he will not be testifying at the sentencing hearing.

7. The Defendant has been forced to sober up since his incarceration. He is grateful for that. He is highly motivated to a new when he goes into the Federal prison system. He wants to learn how to live sober. He hopes that the programs offered by the BOP will help him in that regard.

8. At sentencing, the Defendant hopes that he can convince the Court of his intention to change. He realizes that if he persists in his pre-arrest attitude, he will eventually kill himself or live a miserable existence. He hopes and prays that the Court would see fit and downwardly depart from the Advisory Sentencing Range.

If the Court does not see fit to downwardly depart, the Defendant would request a sentence at the low end of the Guidelines.

9.  The Defendant reserves the right to supplement the arguments contained herein at his Sentencing Hearing.

## CONCLUSION

Upon the arguments and authorities aforementioned, Defendant requests a downward variance.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 18, 2023, the foregoing document has been electronically filed with the Clerk of the Court using CM/EMF.

>  /s/Charles G. White, Esq.
>  CHARLES G. WHITE, P.A.
>  Counsel for Defendant
>  1031 Ives Dairy Road, Suite 228
>  Miami, FL 33179
>  Tel: (305) 914-0160
>  Email: cgwhitelaw@aim.com
>  Florida Bar No. 334170